# IN THE COURT OF APPEALS OF IOWA

No. 22-0378
Filed March 8, 2023

**JOSHUA FRANK McCOY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Joshua McCoy appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Austin Jungblut of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Joshua McCoy appeals the denial of his application for postconviction relief (PCR) after being convicted of murder in the first degree and robbery in the first degree. His conviction stems from an incident with Christopher Byers. Byers was shot and killed in his living room while selling marijuana to McCoy and Marquice Morris. When Byers pulled out the bag of marijuana, McCoy and Morris pulled out guns. After the guns came out, one of the men shot at the floor and the other shot Byers in the chest. A criminalist testified that it was most likely McCoy's 9mm gun that shot Byers. An informant testified McCoy and Morris intended to rob Byers. They brought the guns to scare him into handing over money and drugs.

McCoy filed a PCR application claiming his trial counsel was ineffective by failing to request a jury instruction for willful injury as a lesser-included offense. We review a claim of ineffective assistance of counsel de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012); s*ee also Frye v. State*, No. 19-0433, 2020 WL 6480880, at *1 (Iowa Ct. App. Nov. 4, 2020). To succeed on an ineffective-assistance claim, McCoy must show counsel breached a duty and prejudice resulted. *See Lamasters*, 821 N.W.2d at 862. We may affirm if either element is lacking. *See id.* A breach of duty occurs if counsel's performance falls below the standard of a reasonably competent attorney. *See id.* Prejudice occurs if the outcome of the proceeding would have differed if counsel had performed effectively. *See id.*

"When one or more lesser included offenses are submitted to the jury and a conviction of the greater offense is returned, there is no prejudice in the failure to submit additional included offenses." *State v. Carberry*, 501 N.W.2d 473, 476

(Iowa 1993). At McCoy's trial the jury was given instructions on the following lesser included offenses: murder in the second degree, attempt to commit murder, voluntary manslaughter, involuntary manslaughter by public offense, involuntary manslaughter by act, assault with intent to inflict serious injury, assault causing bodily injury. The jury found McCoy guilty of murder in the first degree despite having seven lesser included offenses to consider.

Even if a defendant is convicted of a greater offense the court can find prejudice for an omission of a lesser included instruction "when the omitted lesser included offense embraces the defendant's primary theory of defense." *Id.* However, "[i]t only relates to situations in which the differences between the offenses that were submitted and the included offense that was not submitted are such that it may not be reasonably concluded that the rejection of the former is also a rejection of the latter." *Id.* (citing *State v. Donelson*, 302 N.W.2d 125, 135 (Iowa 1981)). At trial, the main defense was that McCoy and his confederate were the victims, not the perpetrators, of the robbery. McCoy now argues that at trial his attorneys were potentially presenting a defense that the shooting of Byers was accidental and a willful injury jury instruction would have allowed the jury to find in favor of McCoy. This was at best a secondary line of attack. As one of his counsel explained, "We had to get him from underneath the robbery because, you know, it was just a run-of-the mill robbery, and it was an accident. That doesn't get you anywhere. You still end up with first-degree murder."

The elements of willful injury are illustrated by Iowa Uniform Criminal Jury instruction 800.11:

> The State must prove all of the following elements of Willful Injury:
>     1. On or about the [date of the crime], the defendant (set forth acts of assault).
>     2. The defendant specifically intended to cause a serious injury to (victim).
>     3. (Victim) sustained a serious injury.

*Id.*

The second element the state must prove is that the defendant specifically intended to cause serious injury. *Id.* McCoy's claim that the shooting was an accident is inconsistent with this instruction and is better embraced by the involuntary-manslaughter-by-act and involuntary-manslaughter-by-public-offense instructions. Both of these fit the possibility that the death of Byers was unintentionally caused. The instructions on involuntary manslaughter were given to the jury at trial.

At trial the jury convicted McCoy of murder in the first degree, a greater offense than willful injury. The lesser included offenses, specifically involuntary manslaughter, encompass McCoy's possible claim of an accidental shooting. Failing to submit a jury instruction for willful injury did not prejudice McCoy.

We affirm the denial of McCoy's PCR application.

**AFFIRMED.**